**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Lindapone Phanprasa v. The State of Texas

Appellate case number:   01-19-00487-CR

Trial court case number:  1470812

Trial court:                       178th District Court of Harris County

The appellate record in this case was due on August 17, 2018. The clerk's record was filed on July 3, 2019, but the reporter's record has not been filed. On July 9, 2019, the Clerk of this Court notified appellant's retained counsel on appeal, Garrick Farria, that the court reporter responsible for preparing the record in this appeal had informed the Court that arrangements had not been made to pay for the reporter's record. Appellant's counsel did not respond. To date, neither appellant nor her counsel have provided the Court with evidence that appellant has paid, made arrangements to pay, or is exempt from paying the court reporter's fees. Nor has appellant or her counsel indicated any request to the trial court to have the reporter's record provided without charge.

Accordingly, we abate the appeal and remand the cause to the trial court to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Garrick Farria, shall be present. At the trial court's discretion, appellant may be present for the hearing in person or by closed-circuit video teleconferencing.

We direct the trial court to:

1) Determine whether appellant still wishes to pursue this appeal;

2) If appellant wishes to pursue this appeal, then determine whether appellant's counsel, Garrick Farria, has abandoned the appeal;

3) If counsel Garrick Farria has not abandoned the appeal, then

   a. inquire of counsel the reasons, if any, that he has failed to respond to this Court's notice, arrange payment for the reporter's record, or file a brief on appellant's behalf; and

   b. set a date certain when counsel will pay or make arrangements to pay for the reporter's record no later than **20 days** from the date of the hearing.

4) If counsel Garrick Farria has abandoned the appeal, then

    a. Determine whether appellant is now indigent, and if appellant is indigent, (i) appoint substitute appellate counsel at no cost to appellant and (ii) order the court reporter to file the reporter's record in this case within **20 days** of the date of the hearing, at no cost to appellant;

    b. if appellant is not indigent, admonish appellant regarding the dangers and disadvantages of self-representation, and:

        1. determine whether appellant is knowingly and intelligently waiving her right to counsel and (A) if so, obtain a written waiver of the right to counsel, or (B) if appellant does not wish to proceed pro se, provide a deadline of no more than **20 days** from the date of the hearing by which appellant must hire substitute counsel; and

        2. provide a deadline of no more than **20 days** from the date of the hearing by which appellant must provide written evidence demonstrating payment of the reporter's record and further notify appellant that failure to provide such evidence may result in consideration of her appeal without a reporter's record.

5) Enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations; and

6) Make any other findings and recommendations the trial court deems appropriate.

*See* TEX. CRIM. PROC. art. 1.051(a), (c), (d)(1), (f), 26.04, TEX. R. APP. P. 38.8(b).

The court coordinator of the trial court shall set a hearing date no later than **20 days** from the date of this order and notify the parties and the Clerk of this Court of such date. The trial court shall have a court reporter record the hearing and file a supplemental reporter's record with this Court within **30** days from the date of this order. The trial court's findings and recommendations and any orders issued pursuant to the hearing shall be included in a supplemental clerk's record and filed in this Court within **30 days** from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the supplemental reporter's record of the hearing are filed in this Court.

It is so ORDERED.


Judge's signature: _____/s/ Sarah B. Landau_____
                              Acting individually

Date: ___April 28, 2020_____